### WOODS v. LOFFLAND BROS. CO. et al.
### No. 178.

District Court, E. D. Louisiana,
New Orleans Division.

Oct. 28, 1939.

A. P. Schiro, III, of New Orleans, La., for plaintiff.

John E. Unsworth, of New Orleans, La., for defendants.

PORTERIE, District Judge.

After full consideration of the pleadings, the evidence submitted and the argument of counsel, the Court, as is prescribed by the Rules, finds as follows:

(a) As to Facts:

The crux of this case is whether or not the plaintiff is totally disabled from pursuing the type of labor in which he was engaged at the time of his injury, or is in a condition to engage in any type of manual labor. His education and training or apprenticeship do not qualify him for anything else but manual labor.

The fact and nature of injury, the existence of a contract by the indemnity company, the admission of temporary total disability and the ensuing payment of workmen's compensation for a period of months, are all admitted. The Court finds direct and complete conflict between the expert medical evidence furnished by the two sides.

The expert medical evidence offered by the defendant was to the effect that the plaintiff exaggerates his suffering and physical condition; one of the doctors even testified that the plaintiff was thoroughly healed, suffered from nothing, and was unqualifiedly a malingerer.

The expert medical evidence of the plaintiff was that the injury to the vertebral column is still there, not fully healed, and that the plaintiff is totally disabled to do any kind of manual labor—could only perform clerical work or act as a foreman over others, etc. These experts state, however, that, in their opinion, he should not be permanently disabled; that with proper surgical care and with complete rest, full recovery should be had "in several months."

Two neighbors of the plaintiff testified as to his inability to work, and express a firm conviction that he is not a malingerer. The wife of the plaintiff testifies to the suffering of her husband.

There is a want of evidence on the part of the defendant to show that the plaintiff has been at work or has traveled about here and there in such a way as to indicate his ability to work.

There is a preponderance of the evidence as a whole in favor of the plaintiff.

Therefore, the finding of the Court, as to fact, is that the plaintiff is still injured and is totally disabled to do the work of a "roughneck" with a drilling rig, type of work at time of injury, or to do any manual labor. The evidence strongly preponderates that the plaintiff is not permanently totally disabled.

(b) Conclusion of Law:

 It is obvious, therefore, from the finding of fact that the plaintiff is entitled to compensation during disability not exceeding three hundred weeks; specially reserving to the employer and the insurer the right of review under the statute at any time that plaintiff improves to partial disability, or total rehabilitation. Act No. 20 of 1914, Sec. 20, as amended. Phillips v. Yazoo & M. V. R. Co., La.App., 183 So. 43.

 Costs are to be paid by defendant, with medical expert fees placed at $10 per expert. Subsec. 3 of Sec. 9, Workmen's Compensation Law.

Judgment will be signed accordingly, allowing credit for compensation already paid.